## MULDER *v.* DURAND HOOP CO.

1. WOODS AND FORESTS — STANDING TIMBER IS PART OF REALTY AND SUBJECT TO SAME LAW.

Standing timber is a part of the realty and is subject to the same law as the land itself, but it may be sold separate from the land.

2. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—CONVEYANCE OF STANDING TIMBER OWNED BY ENTIRETIES.

If a vendor retains the fee in land, but conveys the standing timber thereon to a husband and wife, they take title thereto by the entireties, and any conveyance by either without the other is void whether it be regarded as a sale of realty or of personalty.

3. SAME—FRAUDS, STATUTE OF—ORAL ACQUIESCENCE OF WIFE IN CONVEYANCE OF STANDING TIMBER VOID.

Oral acquiescence of a wife in the sale of standing timber on land owned by her and her husband by the entireties, where the instrument was signed by the husband alone, does not render the conveyance operative as to her.

4. SAME—CONVEYANCE SIGNED BY HUSBAND ALONE VOID.

A contract signed by the husband alone, conveying standing timber on land owned by him and his wife by the entireties, is void, although the wife gave her oral consent thereto, and it is immaterial whether the instrument signed by him be called a deed or a bill of sale.

5. INJUNCTION — PURCHASERS OF LAND ENTITLED TO ENJOIN REMOVAL OF STANDING TIMBER UNDER VOID CONTRACT.

Where the contract conveying standing timber owned by husband and wife by the entireties is void because not signed by the wife, and no mention of the purchaser's rights in the timber was made in the deed subsequently conveying the land, the grantees therein are entitled to enjoin the removal of the timber by the purchasers, although before they bought the land they had notice of its purported sale.

[1]Logs and Logging, 38 C. J. §§ 15, 26, 29; [2]Husband and Wife, 30 C. J. §§ 102, 107 (Anno); [3] [4]Frauds, Statute of, 27 C. J. §§ 138, 360; [5]Injunctions, 32 C. J. § 189.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted January 7, 1927. (Docket No. 48.) Decided April 1, 1927.

Bill by Lucas A. Mulder and another against the Durand Hoop Company to enjoin the removal of timber from land. From a decree for defendant, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Smith, Hunter & Spaulding,* for plaintiffs.

*Matthews & Hicks,* for defendant.

McDONALD, J.   The purpose of this suit is to permanently restrain the defendant from cutting certain timber from lands owned by the plaintiffs in the township of Middlebury, Shiawassee county, Michigan. The plaintiffs purchased the land in April, 1925, from W. Walter Casler and Cora Casler, his wife, who held the title by the entireties. Before the purchase and on February 16, 1925, W. Walter Casler, by contract in writing, sold to the Durand Hoop Company certain of the standing timber on the land. Cora Casler did not sign the writing, but the sale was made with her full knowledge and consent. When the plaintiffs bought the land no mention was made in the deed of defendant's timber rights, but they knew of the sale to the defendant company. In the fall of 1925 the defendant proceeded to cut and remove the timber. The plaintiffs filed this bill and secured a temporary restraining order. The case came on for hearing on its merits, and the court entered a decree dismissing the bill. From this decree the plaintiffs have appealed.

The first question to be considered involves the right of a husband to sell timber on land owned by himself and wife, by the entireties, without the wife joining in the conveyance. In discussing this question it is important to have in mind the interest which a wife

has in timber standing on land, the title of which is held by the entireties. Standing timber is a part of the realty and is subject to the same law as the land itself. It may be sold separate from the land, but so long as it stands it remains a part of the realty. If a vendor retains the fee in land, but conveys standing timber thereon to a husband and wife, they take title to the timber by the entireties. And the same law governs their rights as would apply if the property were land instead of timber. Though they have no title to the land on which it stands, in their ownership of the timber there is the same unity of interest and person. Any conveyance by either without the other is void. And this is true whether the conveyance be regarded as a sale of realty or of personalty. In *Re Morris' Estate,* 210 Mich. 36, this court held:

"Where standing timber is owned by a husband and wife by the entireties, the rule that the title to the same vests in the survivor is applicable after it is severed from the land."

Now if the right of survivorship exists as to timber that has been severed from the land, how can the husband defeat that right by any conveyance that he alone might make? It is plain that he cannot do so. Our attention has not been called to any decision of this court directly in point, but on principle it must be that where the title to standing timber is held by the entireties, no sale is valid unless the wife joins in the conveyance. And it is immaterial that she consented to the sale. Her oral acquiescence would not render the conveyance operative against her. When Mr. Casler made this contract with the defendant he was attempting to sell property in which he had no separate interest or undivided share. His interest and his wife's interest were one; and whether the instrument which he signed be called a deed or a

bill of sale, it could pass no title without the signature of his wife.   We think that, for the reasons stated, the contract upon which the defendant relies was a nullity.   Holding this view of the case, it is not necessary to discuss other questions involved.

The decree of the circuit court is reversed, with costs, and the plaintiffs will be granted the relief prayed for in their bill.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.